## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02935-JLK-MEH

RUDOLPH SANDERSON,

    Plaintiff,

v.

FMS INVESTMENT CORP., a Maryland corporation,

    Defendant.

_____

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant FMS Investment Corporation ("FMS") submits this, its Answer and Affirmative Defenses, in response to Plaintiff's Complaint and states as follows:

### JURISDICTION

1.    FMS admits the allegations in ¶ 1 of the Complaint for jurisdictional purposes only.

2.    In response to the allegations in ¶ 2 of the Complaint, FMS admits that plaintiff purports to seek redress for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), but denies violating the FDCPA and denies any liability or wrongdoing under the law.

### VENUE

3.    FMS admits the allegations in ¶ 3 of the Complaint for venue purposes only.

4.    FMS denies the allegations in ¶ 4 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

1

5. FMS denies the allegations in ¶ 5 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

6. FMS admits the allegations in ¶ 6 of the Complaint.

## PARTIES

7. FMS admits the allegations in ¶ 7 of the Complaint.

8. FMS denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

9. FMS denies the allegations in ¶ 9 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

10. FMS admits the allegations in ¶ 10 of the Complaint.

11. FMS admits the allegations in ¶ 11 of the Complaint.

12. FMS admits the allegations in ¶ 12 of the Complaint.

13. In response to the allegations in ¶ 13 of the Complaint, FMS admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 13.

14. FMS admits the allegations in ¶ 14 of the Complaint.

15. FMS admits the allegations in ¶ 15 of the Complaint.

16. FMS admits the allegations in ¶ 16 of the Complaint.

## FACTUAL ALLEGATIONS

17. FMS denies the allegations in ¶ 17 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

18. FMS denies the allegations in ¶ 18 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

19. FMS denies the allegations in ¶ 19 of the Complaint for lack of knowledge or information.

20. In response to the allegations in ¶ 20 of the Complaint, FMS admits that its records reflect that it was assigned an account in the name of plaintiff Rudolph Sanderson by Kaplan University. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 20.

21. The allegations in ¶ 21 of the Complaint require no answer of FMS.

22. The allegations in ¶ 22 of the Complaint require no answer of FMS.

23. FMS denies the allegations in ¶ 23 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

24. FMS denies the allegations in ¶ 24 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

25. In response to the allegations in ¶ 25 of the Complaint, FMS admits that its records reflect that it made calls to plaintiff Rudolph Sanderson in an effort to collect on an account. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 25.

26. In response to the allegations in ¶ 26 of the Complaint, FMS admits that its records reflect that the plaintiff Rudolph Sanderson made telephone calls to the defendant. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 26.

27. The allegations of in ¶ 27 of the Complaint purport to state a conclusion of law that requires no answer of FMS.

28. In response to the allegations in ¶ 28 of the Complaint, FMS admits that its records reflect that it made calls to plaintiff Rudolph Sanderson in an effort to collect on an account. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 28.

29. The allegations in ¶ 29 of the Complaint state a conclusion of law to which no response is required of FMS.

30. In response to the allegations in ¶ 30 of the Complaint, FMS admits that its records reflect that it had telephone conversations resulting from calls that it made to plaintiff Rudolph Sanderson in an effort to collect on an account. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 30.

31. FMS denies the allegations in ¶ 31 of the Complaint as stated. By way of further answer to ¶ 31, FMS admits that its records reflect that it had telephone conversations resulting from both calls that it made to plaintiff Rudolph Sanderson and from calls from the plaintiff made to FMS, and FMS further avers that it had conversations with the plaintiff as a result of the calls that plaintiff made to FMS for whatever reason the plaintiff called FMS, not only to attempt to collect on an account as alleged.

32. FMS denies the allegations in ¶ 32 of the Complaint as stated. By way of further answer to ¶ 32, FMS admits that its records reflect that it received calls from the plaintiff, but FMS further avers that it had conversations with the plaintiff as a result of those calls for whatever reason the plaintiff called FMS, not only to attempt to collect on an account as alleged.

33. In response to the allegations in ¶ 33 of the Complaint, FMS admits that its records reflect that it made left voice-mail messages with plaintiff Rudolph Sanderson in an effort to collect

on an account. Except as specifically admitted, FMS denies the remaining allegations contained in ¶ 33.

34.     FMS denies the allegations in ¶ 34 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

35.     FMS denies the allegations in ¶ 35 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

36.     FMS denies the allegations in ¶ 36 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

37.     FMS denies the allegations in ¶ 37 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

38.     FMS denies the allegations in ¶ 38 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

39.     In response to the allegations in ¶ 39 of the Complaint, FMS admits that it kept records of its calls to the plaintiff.

40.     In response to the allegations in ¶ 40 of the Complaint, FMS admits that it kept records of the plaintiff's calls to FMS.

41.     In response to the allegations in ¶ 41 of the Complaint, FMS admits that it sometimes records calls, and FMS has some recordings of calls with the plaintiff.

42.     In response to the allegations in ¶ 42 of the Complaint, FMS admits that it sometimes records calls, and FMS has some recordings of calls with the plaintiff.

43.     In response to the allegations in ¶ 43 of the Complaint, FMS admits that it sometimes records calls, and FMS has some recordings of calls with the plaintiff.

44. In response to the allegations in ¶ 44 of the Complaint, FMS admits that it sometimes records calls, and FMS has some recordings of calls with the plaintiff.

45. FMS denies the allegations in ¶ 45 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

46. FMS denies the allegations in ¶ 46 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

47. FMS denies the allegations in ¶ 47 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

48. FMS denies the allegations in ¶ 48 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

49. FMS denies the allegations in ¶ 49 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

50. FMS denies the allegations in ¶ 50 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof

## RESPONDEAT SUPERIOR

51. In response to the allegations in ¶ 51 of the Complaint, FMS incorporates the foregoing responses by reference.

52. FMS denies the allegations in ¶ 52 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

53. FMS denies the allegations in ¶ 53 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

54. FMS denies the allegations in ¶ 54 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

55. FMS denies the allegations in ¶ 55 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

56. FMS denies the allegations in ¶ 56 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

57. FMS denies the allegations in ¶ 57 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

58. FMS denies the allegations in ¶ 58 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

## COUNT 1, FDCPA VIOLATIONS

59. In response to the allegations in ¶ 59 of the Complaint, FMS incorporates the foregoing responses by reference.

60. FMS denies the allegations in ¶ 60 of the Complaint.

61. FMS denies the allegations in ¶ 61 of the Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violation is established, any such violation was not intentional and resulted from a bona fide error, notwithstanding FMS's maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, FMS Investment Corporation requests that this action be dismissed and that FMS Investment Corporation be awarded costs and attorneys fees and any other appropriate relief.

Dated:   December 23, 2010.                s/ Louis Leonard Galvis
                                                          Louis Leonard Galvis (CO Bar No. 32885)
                                                          Sessions, Fishman, Nathan & Israel, LLC
                                                          645 Stonington Lane
                                                          Fort Collins, CO  80525
                                                          Telephone:  (970) 223-4420
                                                          Facsimile:  (970) 223-4490
                                                          E-mail:  lgalvis@sessions-law.biz

                                                          *Attorneys for Defendant,*
                                                          *FMS Investment Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 23, 2010 I electronically filed a true and exact copy of the above and foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

larsonlawoffice@gmail.com

lgalvis@sessions-law.biz

                                                          s/ Louis Leonard Galvis
                                                          Louis Leonard Galvis
                                                          E-mail:  lgalvis@sessions-law.biz